IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN J. KNOBBE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv489 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| BANK OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing nos. 5, 9 and 10, the Motions to Dismiss and to Strike filed by the defendant, Bank of America, and the plaintiff's Motion for Extension of Time to respond to the defendant's motions.  The plaintiff, Kevin J. Knobbe, alleges violations of federal and state banking and consumer protection laws by the defendant, acting through the attorney who represented the defendant in a collection action against the plaintiff in 2004.

The defendant, among other grounds for dismissal, alleges insufficiency of process and insufficiency of service of process.  Fed. R. Civ. P. 12(b)(4) and (5).  The plaintiff attempted to serve the defendant at the offices of the attorney who represented the defendant in the collection action against the plaintiff.  However, in affidavits (filing nos. 7 and 8), the defendant has unequivocally established that the law firm where the plaintiff served the defendant is not authorized by the defendant to accept service of process on behalf of the defendant, and that none of the firm's members serves as an officer of the defendant or agent of the defendant for the function of accepting service.

Therefore, no purpose would be served in extending the period for response to the defendant's Motion to Dismiss.  However, Fed. R. Civ. P. 4(m) gives the plaintiff 120 days

from the filing of the initial complaint to serve a defendant, and, upon a timely written motion supported by a showing of good cause, that time may be extended.  As the plaintiff filed his complaint on October 25, 2005, he still has time to serve the defendant properly in accordance with the requirements of Fed. R. Civ. P. 4(h).

As for the Motion to Strike paragraph 9 of the complaint, the defendant is correct that the named individual is not a party to this action and that the relief requested in that section of the complaint cannot be recovered from a nonparty.   However, the court liberally construes the challenged language as the plaintiff's attempt to describe the conduct of the defendant's attorney in the collection action on which the plaintiff's claim against the defendant in this case is based.

THEREFORE, IT IS ORDERED:

1.    That filing no. 5, the defendant's Motion to Dismiss, is granted in part and denied in part, as follows:  The record establishes that the plaintiff has failed to effect service of process on the defendant; however, Fed. R. Civ. P. 4(m) still affords the plaintiff time to do so properly; therefore, the motion to dismiss is denied at this time, without prejudice to reassertion, if appropriate, not less than 120 days after the date the plaintiff filed his complaint;

2.    That filing no. 9, the defendant's Motion to Strike, is granted in part and denied in part, as follows:  The challenged language will not be stricken, but the defendant is correct that the individual named in paragraph 9 of the complaint is not a party to this action from whom any relief may be recovered;

3.    That filing no. 10, the plaintiff's Motion for Extension of Time to respond to the defendant's motions, is denied; the plaintiff does, however, have time to serve the

defendant correctly in accordance with Fed. R. Civ. P. 4(h).

December 6, 2005.				BY THE COURT:

						s/ *Richard G. Kopf*
						United States District Judge