IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN J. KNOBBE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv489 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| BANK OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on (1) filing no. 14, the Motion to Dismiss filed by the defendant, Bank of America; (1) filing no. 16, the Motion for Leave filed by the plaintiff, Kevin J. Knobbe; and (3) filing no. 17, the defendant's Objection to the plaintiff's Motion for Leave. In a complaint which is not entirely clear, the plaintiff alleges that an attorney engaged in unfair debt collection practices. The defendant has subsequently explained (filing no. 15) that the attorney in question represented the defendant in a debt collection action against the plaintiff in Case No. CI04-44 in the County Court of Cummings County, Nebraska, in which the defendant prevailed and obtained a judgment against the plaintiff in 2004.

The defendant alleges that the plaintiff is indirectly attempting in this case to challenge the state-court judgment against him, and that the "Rooker-Feldman doctrine" bars this court from looking behind the state-court judgment or acting as an appellate court and altering or amending the state-court judgment. It is certainly true that a federal district court does not possess authority to review or alter final judgments of a state judicial proceeding. Appellate jurisdiction over state court decisions, even when the challenge to the state court's action involves federal constitutional issues, lies exclusively in the United States Supreme Court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486. Therefore, insofar as the plaintiff may be

1

seeking in this case to challenge or change the outcome of proceedings in the state courts, the Rooker-Feldman doctrine bars this court from correcting a state court judgment, and no relief is available in this court to do so.

However, from the limited information provided by the plaintiff, I cannot determine whether the plaintiff has any independent claims which survive the state-court judgment and may be asserted in this court. The Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517, 1521-22 (2005).

> Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law. The Full Faith and Credit Act, 28 U.S.C. § 1738, originally enacted in 1790, ch. 11, 1 Stat. 122, requires the federal court to "give the same preclusive effect to a state-court judgment as another court of that State would give." .... Preclusion, of course, is not a jurisdictional matter. See Fed. Rule Civ. Proc. 8(c) (listing res judicata as an affirmative defense). In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court.
>
> Nor does § 1257 stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.  If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." ....

Id. at 1526-27 (citations omitted).

On April 5, 2006, in filing no. 16, the plaintiff requested a period of 120 days to retain counsel in order to respond to the defendant's Motion to Dismiss and, as necessary, to amend the complaint.  The requested period will end on August 3, 2006.  By 11 days after

that date, i.e., by August 14, 2006, the plaintiff, with or without counsel, shall respond to the defendant's Motion to Dismiss.  The Motion to Dismiss has been pending since March 16, 2006, and I note that NECivR 41.1 of this court's Local Rules states in pertinent part:  "At any time when it appears that any action is not being prosecuted with reasonable diligence the court may dismiss it for lack of prosecution."  In his response, in addition to any other matters the plaintiff may wish to discuss, he shall clarify whether or not the claims he alleges in this case are in the nature of defenses he could have raised in the state-court proceeding on the debt.

THEREFORE, IT IS ORDERED:

1. That filing no. 14, the Motion to Dismiss filed by the defendant, Bank of America, is taken under advisement until after August 14, 2006;

2. That filing no. 16, the plaintiff's Motion for Leave, and filing no. 17, the defendant's Objection to the plaintiff's Motion for Leave, are granted in part and denied in part as follows: The plaintiff shall have until August 14, 2006, to show cause why this action should not be dismissed in response to the defendant's Motion to Dismiss;

3. That, in the absence of a timely and sufficient response by the plaintiff, this action may be subject, without further notice, to dismissal without prejudice pursuant to NECivR 41.1, and if the plaintiff responds by August 14, 2006, the defendant shall have until August 25, 2006 to file a reply.

July 19, 2006. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge