IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN J. KNOBBE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv489 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| BANK OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

   This matter is before the court on the following pending motions: (1) filing no. 14, the Motion to Dismiss filed by the defendant, Bank of America; (2) filing no. 21, the defendant's Objection to filing no. 19, the plaintiff's Motion for Leave to Obtain Counsel, and Brief; and (3) filing no. 26, the Motion for Leave to File Amended Complaint, filed by the plaintiff, Kevin J. Knobbe. I have previously had difficulty understanding the nature of the plaintiff's claims against the defendant. However, it appears that the plaintiff alleges that an attorney engaged in unfair debt collection practices against the plaintiff. The defendant has subsequently explained (filing no. 15) that the attorney in question represented the defendant in a debt collection action against the plaintiff in Case No. CI04-44 in the County Court of Cummings County, Nebraska, in which the defendant prevailed and obtained a judgment against the plaintiff in 2004.

   The defendant has argued to this court that the plaintiff is indirectly attempting in this case to challenge the state-court judgment against him, and that the "Rooker-Feldman doctrine" bars this court from looking behind the state-court judgment or acting as an appellate court and altering or amending the state-court judgment. However, this court has previously pointed out that the "Rooker-Feldman doctrine"[1] is not to be confused with ordinary principles of res judicata and collateral estoppel. Both defenses require review of the state court pleadings and judgment by this court.

---

   [1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

From the limited information provided by both parties, this court has not been able to determine whether the plaintiff has any independent claims which survive the state-court judgment and may be asserted in this court. Thus, the appropriate course for the defendant is to raise its "Rooker-Feldman" and preclusion defenses in a properly supported Motion for Summary Judgment. This court cannot take judicial notice of state court pleadings and decisions which have not been made exhibits in the record of this case.

THEREFORE, IT IS ORDERED:

1. That filing no. 14, the defendant's Motion to Dismiss, is denied without prejudice to reassertion in the form of a properly supported Motion for Summary Judgment;

2. That filing no. 21, the defendant's Objection to filing no. 19 and Brief, is denied as moot;

3. That filing no. 26, the plaintiff's Motion for Leave to File Amended Complaint, is granted; the Amended Complaint (and exhibits thereto) attached to filing no. 26 are accepted for filing instanter; the Clerk of Court shall copy the Amended Complaint, together with its exhibits, and file them separately with a new filing number, and send a copy of the docket sheet to the plaintiff, without charge, after doing so.

January 4, 2007.                                  BY THE COURT:

                                                  s/ *Richard G. Kopf*
                                                  United States District Judge