IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN J. KNOBBE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv489 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| BANK OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on (1) filing no. 34, the Motion to Dismiss filed by the defendant, Bank of America; (2) filing no. 38, the Motion to Dismiss filed by the defendant, Brumbaugh & Quandahl; (3) filing no. 40, the Motion to Dismiss filed by the defendant, Frederick J. Hanna & Associates; and (4) filing no. 43, the Motion for Extension of Time filed by the plaintiff, Kevin J. Knobbe.  All of the defendants move to dismiss the plaintiff's Amended Complaint (filing no. 28) which alleges unfair debt collection practices by all of the defendants.

The Bank of America has previously moved to dismiss the plaintiff's complaint for failure to state a claim for relief, Fed. R. Civ. P. 12(b)(6), relying on defenses including res judicata and the Rooker-Feldman doctrine.[1]  Because the motion required resort to matters outside of the pleadings, I explained in my Memorandum and Order of January 4, 2007 (filing no. 27), that the appropriate course for the Bank would be to raise its Rooker-Feldman and preclusion defenses in a properly supported Motion for Summary Judgment.

Now all three defendants have filed Motions to Dismiss, which, among other matters, all incorporate the Bank's Rooker-Feldman and preclusion defenses.  In addition, the plaintiff seeks additional time to respond to the defendants' motions.

Once again, I reiterate that a motion for summary judgment is the appropriate vehicle for assertion of the defenses raised by the defendants.  Those defenses require

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

1

review of state court records of the debt collection litigation which precipitated the above-entitled case.

    Accordingly, I will deny all pending motions to dismiss. The defendants shall have thirty (30) days from the date of this order to refile their motions in the form of motions for summary judgment. The plaintiff may have until twenty (20) days after the filing date of each summary judgment motion to respond to that motion, in accordance with the rules of court. No additional extensions of time will be granted. All pending motions (filing nos. 34, 38, 40 and 43) are hereby denied.

    SO ORDERED.

    DATED this 13th day of April, 2007.

                                      BY THE COURT:

                                      s/ Richard G. Kopf
                                      United States District Judge